# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CRST EXPEDITED, INC, <br><br> Plaintiff, <br><br> vs. <br><br> SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, <br><br> Defendant. | No. 17-CV-25-CJW <br><br> **ORDER** |

## I. INTRODUCTION

This matter is before the Court pursuant to plaintiff's Motion to Compel. (Doc. 57). Plaintiff seeks to obtain information pertaining to commercial truck drivers hired by defendant while under contract with plaintiff. (Doc. 57, at 6-12). Defendant timely filed its resistance to the motion. (Doc. 60). Defendant objected to the initial interrogatory and requests for information on the grounds that they were unduly burdensome, irrelevant, and not proportional to the needs of the case. (Doc. 60, at 7-12). For the following reasons, plaintiff's Motion to Compel Discovery is **granted in part and denied in part**.

## II. APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

> resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b) is widely acknowledged as "liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citation omitted). In the context of discovery the standard of relevance is broader than in the context of admissibility. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Catipovic v. Turley*, No. C11-3074, 2013 WL 1718061, at *2 (N.D. Iowa Apr. 19, 2013) (citation and internal quotation marks omitted). A broad understanding of admissibility in this context, however, "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer*, 981 F.2d at 380.

The burden of making a threshold showing of relevance is on the party requesting discovery. *See Seger v. Ernest-Spencer Metals, Inc.*, No. 8:08CV75, 2010 WL 378113, at *2 (D. Neb. Jan. 26, 2010). Once a requesting party makes a threshold showing of relevance, the burden shifts to the party objecting to the motion to compel. *See Continental Ill. Nat'l Bank & Tr. Co. of Chi. v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." (citation omitted)). The party objecting has the burden to substantiate its objections. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) (citations omitted). A mere statement by the objecting party that the "request for production was overly broad, burdensome, oppressive and irrelevant is not adequate to

voice a successful objection." *Id.* (alteration, internal quotation marks, and citation omitted). Instead, the objecting party must prove "that the requested documents either do not come within the broad scope of relevance defined pursuant to FED. R. CIV. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

### III. DISCUSSION

Plaintiff seeks to compel defendant to provide information pursuant to plaintiff's Interrogatory Number Five, as well as plaintiff's Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four. (*See* Docs. 57, 57-1). Defendant resists plaintiff's motion, claiming that defendant has already complied with certain requests made in Interrogatory Number Five (Doc. 60, at 4-7) and that the requests with which defendant has not complied are either overly burdensome (*Id.*, at 7-9), irrelevant (*Id.*), or not proportional to the needs of the case. (*Id.*, at 9-12).

Plaintiff also seeks to compel defendant to provide contact information for Mr. Otto Welch, defendant's former Vice President of Recruiting, Academies, and Driver Orientation, so that plaintiff may depose Mr. Welch. Alternatively, plaintiff requests that defendant be ordered to produce Mr. Welch for deposition. (Docs. 57; 57-1, at 10-12). Defendant contends that the production of information regarding Mr. Welch is moot because the deposition of Mr. Welch has already occurred. Defendant likewise contends that plaintiff's alternative request that defendant be compelled to produce Mr. Welch for deposition is moot because this deposition has already occurred. Plaintiff does not challenge these assertions and the Court will therefore accept them as true. Accordingly, plaintiff's motion to compel the production of Otto Welch is **denied as moot**.

### A. *Interrogatory Number Five*

Plaintiff's Interrogatory Number Five reads as follows:

> Identify each driver hired by Swift (including company drivers, owner-operators, or independent contractors) who was under contract with CRST at the time of hiring, and further state (i) the date each driver was first recruited or had contact with Swift, (ii) the date each driver began driving for Swift, and (iii) the date each driver stopped driving for Swift or if the driver is currently driving for Swift.

(Doc. 57-2, at 22).

Defendant initially objected to this interrogatory on the basis that the terms contained within the interrogatory were too vague and that the information requested by plaintiff was not maintained in the ordinary course of business. (Doc 57-2, at 63). Defendant has since agreed to provide the requested information with respect to the drivers plaintiff has already identified. (Doc. 60, at 4-5). Plaintiff, however, maintains that plaintiff is entitled to information for *all* drivers who were employed by defendant while still under contract with plaintiff. (Doc. 62, at 2-3). This includes drivers not previously identified by plaintiff, as well as drivers who no longer work for defendant. (*See id.*). Defendant, however, asserts that plaintiff's request for information pertaining to *all* of defendant's drivers who were under contract with plaintiff is unduly burdensome and not proportional to the needs of the case. (Doc. 60, at 4-6). Specifically, defendant asserts that because the requested information is not maintained in the ordinary course of business and is not kept in an easily searchable format, defendant would have to manually search through the personnel file of every driver who has worked for defendant to ascertain which of those drivers were previously employed by plaintiff and, further, which drivers were allegedly under contract with plaintiff during their employment by defendant. (*Id.*).

By way of compromise, plaintiff has indicated that plaintiff is willing to accept information for all subject drivers who were hired by defendant during a given timeframe. (Doc. 62, at 3 n.1). By limiting its request to a defined period of time, plaintiff mitigates the burden to defendant and brings the request closer to the realm this Court views as a proportional middle ground.

The proportionality of a discovery request is assessed based on the following factors: 1) the importance of issues at stake in the action; 2) the amount in controversy; 3) the parties' relative access to relevant information; 4) the parties' resources; 5) the importance of discovery in resolving the issues; and 6) whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). The Advisory Committee notes stress that philosophic, social, or institutional matters, or matters of public policy, may outweigh the relatively minor amount of money involved in some cases. *See* FED. R. CIV. P. 26(b)(1), 2015 Advisory Committee notes. Given that the amount in controversy in this case may be substantial, the Court will not speak to the broader social importance of the issues at stake in this action. Defendant, as possessor of the information sought, is in the best position to produce this information. Neither party has suggested any alternative means of obtaining the information sought. This "information asymmetry" is unfortunate, but unavoidable. *See* FED. R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment. "[T]hese circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so." *Id*. The parties dispute whether the discovery being sought is important to resolve the issues in this case, as discussed below. The burden of showing that a discovery request is not proportional, however, lies with the party objecting to discovery. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511 (citing *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). Defendant has failed to convince the Court that the information being sought by plaintiff is not important to the issue being

litigated. The Court cannot therefore make a determination that the benefits of this discovery request are outweighed by the burdens, as defendant contends. In light of these factors, the Court finds the plaintiff's request to be proportional.

This request, as amended by plaintiff to limit the scope of discovery to a limited time period, greatly reduces the burden on defendant to sift through many years of files, while still accomplishing the aims of the litigation. Defendant's objection that the information sought is not readily ascertainable is vitiated by the fact that defendant has already produced the same information regarding a separate set of drivers. (Doc. 60, at 3-4). In light of this compromise, defendant has failed to meet its burden to demonstrate that plaintiff's request is unduly burdensome or disproportionate to the needs of the case. Accordingly, with respect to Interrogatory Number Five, plaintiff's motion to compel is **granted in part**. The motion to compel is not granted as filed. Rather, the Court draws upon plaintiff's proposal to limit the period of discovery. Plaintiff suggested limiting the period of discovery from January 1, 2012, to the present. This Court amends the time limitation, however, to a period of five years, spanning from **January 1, 2013, through the present time**. Defendant is therefore ordered to respond to Interrogatory Number Five by providing all information sought for those drivers who were hired by defendant between January 1, 2013, and the date of this Order.

### B. *Requests for Production Twenty-Eight, Thirty-Three, and Thirty-Four*

Plaintiff's Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four request that defendant produce the following:

> 28. Each Document showing the compensation or benefits paid to each driver identified in answer to Interrogatory No. 12.
> . . . .
> 33. Each Document containing, describing, or discussing, in whole or in part, the compensation paid to each driver identified in response to Interrogatory No. 14.

> . . . .
> 34. Each Document containing, describing, or discussing, in whole or in part, Swift's driver compensation. This Request is limited to generic compensation Documents, such as wage sheets, contractors' rates, or policies, and does not include driver specific compensation Documents.

(Doc. 57-2, at 88-90). Defendant initially objected to these requests on the grounds that they are "overly broad, unduly burdensome, and not proportional to the needs of the case." (*Id.*). Defendant also objected on the basis that the information requested was confidential or proprietary, and that it may violate the privacy of individuals not party to the instant action. (*Id.*). In its resistance to the instant motion, defendant simplified its position by asserting that plaintiff's requests for compensation-related information are irrelevant and not proportional to the needs of the case. (Doc. 60, at 9-12).

This lawsuit involves parties that operate nationwide trucking companies and implicates contracts formed with drivers from an as yet unknown number of states. Given the numerous bodies of law that could potentially be applied, it is unclear at this time which theory of damages controls. Thus, the disagreement over controlling law undergirds the parties' disagreement *vis-à-vis* Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four. (*Compare* Doc. 60, at 9-10 *with* Doc. 62, at 4). Defendant implies, without asserting, that Iowa law governs the calculation of damages in the instant case. (Doc. 60, at 9). Assuming that Iowa law does govern the calculation of damages, defendant asserts that damages would be limited to the benefit defendant received from its allegedly wrongful conduct. (*Id.*). This would require a determination of plaintiff's total cost to train the subject drivers who were allegedly poached by defendant. (*Id.*). Defendant asserts that because the measure of damages is simply a calculation of the benefit conferred, there is no reason to provide plaintiff with information regarding driver compensation, rendering plaintiff's requests irrelevant. (Doc. 60, at 9-10).

Plaintiff maintains that it may choose to recover damages under either an unjust enrichment theory *or* by calculating the gains resulting from defendant's alleged interference. (Doc. 62, at 4). For this reason, plaintiff contends that information regarding defendant's driver compensation is essential to an appropriate calculation of damages. (*Id.*).

*If* defendant's theory of damages is adopted and *if* no other type of damages which requires additional information is warranted, then defendant may be correct in its assertion that information regarding driver compensation is not necessary. To the extent that this Court has not yet determined which theory of damages should be applied, plaintiff's theory must be treated as a viable option. If plaintiff's theory holds true, the information requested in the Requests for Production at issue is necessary to the formulation of an accurate damages award. The resisting "party must demonstrate to the court that the requested documents either do not come within the broad scope of relevance defined pursuant to FED. R. CIV. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *St. Paul Reinsurance Co.*, 198 F.R.D. at 511 (citation and internal quotations omitted). Defendant has failed to meet this burden. Accordingly, the information requested by plaintiff is to be considered relevant for purposes of the instant motion.

Defendant's next objection to Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four is that the requests are not proportional to the needs of the case. The same factors used to determine the proportionality of Interrogatory Number Five, discussed *supra*, apply to Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four. The factors are: 1) the importance of issues at stake in the action; 2) the amount in controversy; 3) the parties' relative access to information; 4) the parties' resources; 5) the importance of discovery in resolving the issues; and 6)

whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

As with Interrogatory Number Five, defendant is in possession of the information requested in Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four and is likely in the best position to provide that information to plaintiff. No showing has been made that plaintiff would be able to obtain the requested information elsewhere. The burden of demonstrating that the burden to the non-moving party is undue lies squarely with the non-moving party, in this case, the defendant. Without such a showing, defendant has failed to meet its burden. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511 ("The party resisting production bears the burden of establishing lack of relevancy or undue burden."). An accurate calculation of damages is essential to resolving the issue of damages. Assuming, for the time being, that plaintiff's theory of damages is the correct one, an appropriate remedy cannot be formulated without the requested information. Finally, defendant has made no showing that the burden of providing the information requested would outweigh the benefit. Accordingly, with respect to plaintiff's Requests for Production Number Twenty-Eight, Thirty-Three, and Thirty-Four, plaintiff's Motion to Compel Discovery is **granted**.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's Motion to Compel Discovery is **granted in part and denied in part**. Defendant is directed to produce the information requested in the manner described above.

**IT IS SO ORDERED** this 24th day of July, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa